## THE WALLA WALLA PRINTING AND PUBLISHING CO.. PLAINTIFF IN ERROR,

*v.*

## J. E. BUDD AND A. P. SHARPSTEIN, DEFENDANTS IN ERROR.

The rules of trial Courts are a part of the record of every cause tried therein, but cannot be considered in the appellate Court, unless properly certified as a part of the record in the cause.

In the absence of a rule, the filing of a demurrer in the office of the Clerk constitutes such an appearance as to cause the action of the Court, in rendering judgment by default for want of appearance, grave error, depriving the defendant of substantial rights.

Whether the District Court can by its rules make the service on the opposite party, of a demurrer filed with the Clerk, essential to an appearance, in.view of Section 72 of the Code of 1881, doubted.

ERROR, to First Judicial District, holding terms at Walla Walla.

In this action the complaint was filed on the 26th day of May, 1883, and the summons issued on the 26th day of April, 1883, and served on the 29th day of May, A. D. 1883. On the 30th day of May, 1883, the defendant, by its attorney, A. E. Ish-

am, filed a general demurrer to the complaint, which was not served on the plaintiffs ; and on the 20th day of June, 1883, the plaintiffs took judgment at chambers, without any notice to the defendant, and without passing upon the demurrer, notwithstanding the filing of the same.

After the entry of the judgment, the defendant, on the 30th day of June, 1883, filed a motion to set aside the judgment, the Judge overruled the motion : the defendant excepted, and afterwards sued out its writ of error.

*Alfred E. Isham,* for Plaintiff in error.

We contend that there is no authority under the Organic Act, for any law allowing the Judge of the District Court to enter a judgment at chambers.

The defendant had appeared in the action by filing a bond to have the property attached, released (see Sec. 189, W. T. Code), by filing a demurrer (Id., Sec. 72), and by having its appearance entered in the appearance docket, and the Court was bound to take judicial knowledge of its own record. This being the case, no proceedings could be had at chambers, under the Code (Sec. 2140), without at least three days' notice first served upon the defendant, in writing; and such notice not having been served, the Court, or Judge at chambers, acquired no jurisdiction over the defendant, and had no right to order or enter judgment in the cause, until the notice was given, and proof of its service made.

The demurrer filed was an answer in law, and the Judge at chambers, or the Court, had no right to enter judgment, without first passing upon the demurrer. (*House* v. *Moore,* 20 Cal. 115; *Hestres, Administrator,* v. *Clements et al.,* 21 Cal. 425; *Ellis* v. *Loumier,* 1 Mo. 260; *Maniffe* v. *D' Lashnutt,* 1 Mo. 258.)

Sec. 77 of the Code provides when the defendant may demur to the complaint; this is done by filing the demurrer with the Clerk. It is a statutory right, and cannot be taken away by Court rules; the statute nowhere provides for the service of a demurrer. The Court can make rules carrying existing laws into operation, but cannot legislate. It is only by Rule XIV. of the District Court rules, that a demurrer is required to be served.

II. Wash.—22.

*B. L. & J. L. Sharpstein* and *J. E. Budd*, for Defendants in error.

It is contended by plaintiff in error that there can be no authority in the District Judges to render judgments in vacation, for the reason that the judicial power in this Territory is vested in the Supreme Court, District Courts, Probate Courts and Justices of the Peace.   The language is similar to and no stronger than that used in the Constitutions of many of the States.  (Article VII., Sec. 2, Constitution of Wisconsin; VII., Sec. 1, Constitution of Oregon.)

The Courts of those States and most others have held statutes authorizing the entering of judgments for want of an answer in vacation valid, and that judgments thus entered have the same validity, force and effect as judgments entered in term.  ( *Wells et al.* v. *Morton,* 10 Wis. 468 ; *Graden* v. *Thomas & Laxton,* 3 Oregon, 250 ; *Murne* v. *Schwabacher et al.,* 3 Pacific Reporter, 899.)

Plaintiff in error claims that executing and delivering the bond to the sheriff, and receiving the property from him, constitutes an appearance in the action.   We think not.   Section 72 of the Code provides what shall constitute an appearance.  ( *Durand* v. *Hollins,* 3 Duer, 686 ; *Rudolph Steinbach* v. *Jacob P. Leese et al.,* 27 Cal. 295 ; *Gidden* v. *Packard,* 28 Cal. 649.)

Rule 14 of the Rules of Practice of the District Court of the First Judicial District of Washington Territory, in force at all times since the commencement of this action, provides that " a copy of all motions and demurrers must be served on the adverse party, unless service be waived, and no motion or demurrer will be deemed filed until such service or waiver."   There was no service of demurrer or waiver of service in this action, and under said rule no demurrer was properly filed in the action ; and neither the Court nor plaintiff were required to take notice of any paper not properly in the action.  ( *Keep* v. *Enos,* 3 Pinney, Wis. 234 ; *Cannon* v. *Titus,* 5 Johnson, 355 ; *Brainard* v. *Hanford et al.,* 6 Hill, 368 ; *Davis* v. *Ætna Insurance Company,* 9 Iowa, 45 ; Broom's Legal Maxims, 8th edition, 132 ; *Duncan* v. *The United States,* 7 Peters, 435, 10 Curtis, 535 ; *Spencer* v. *McMaster,* 3 Pacific Reporter, 798.)

Opinion by TURNER, Associate Justice.

The defendants in error, who were plaintiffs in the Court below, commenced an action against the plaintiff in error in the District Court of the First District, holding terms at Walla Walla, to recover the sum of four hundred and ninety-nine and eighty-eight one-hundredths dollars, with interest, for the breach of a contract, etc.

The summons and complaint were served on the 29th day of May, 1883, and judgment by default against plaintiff in error was taken at chambers on the 20th day of June, 1883.   The plaintiff in error, by its attorney, on the 30th day of May, 1883, the day after the service of the summons and complaint, filed with the Clerk of the Court a general demurrer to the complaint.

The Court refused to regard the demurrer, because, as stated in argument, the demurrer was not served upon the opposite side, as required by one of the rules of the District Court; and it being considered there was no sufficient appearance other than by the demurrer, judgment by default was taken against plaintiff in error for failure to answer.

The rule of the Court requiring service of demurrer upon the opposite party, if not intended to be invoked here to sustain the action of the Court below, should have been made a part of the record of this case.

The rules of the trial Courts are a part of the record of every cause tried in such Court, and may be certified to an appellate Court as a part of such record.   We are not at liberty, in the absence of such certification, to receive and act upon the rule of Court in question.

The action of the Court below, therefore, in allowing judgment by default, notwithstanding the interposition of the demurrer by plaintiff in error, must be considered upon the law as we find it upon the statute book, unaffected by the said rule. We are quite certain that the filing of the demurrer with the Clerk was a sufficient compliance with law to constitute an appearance, and that judgment by default, without action upon the demurrer, and without notice to the defendant below, was grave error.

Under the circumstances, it should not require an affidavit of merits to entitle the defendant to have the judgment vacated.

The error was not a mere irregularity. It was more. It was a denial to the defendant of substantial rights.

The action of the learned Judge below was predicated on the rule, which is not before us now, and was perhaps justifiable under said rule.

We have serious doubts, however, of the legality òf a rule which could be construed as requiring service of a ,demurrer, to constitute such demurrer on appearance, under Section 72 of the Code.

The judgment is reversed, and the cause remanded for further proceedings.

We concur:    JOHN P. HOYT, Associate Justice.
              ROGER S. GREENE, Chief Justice.